IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Donald H. MUELLER, Attorney at Law.†

Supreme Court

*No. 84–1122–D. Filed December 4, 1985.*
(Also reported in —— N.W.2d ——.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Donald H. Mueller to practice law in Wisconsin be suspended for two years for unprofessional conduct consisting of neglect of estate and family matters, numerous failures to respond to inquiries of the Board of Attorneys Professional Responsibility (Board) into grievances filed with respect to those matters, and failure to maintain records of client funds coming into his possession and to render appropriate accounts thereof. We determine that a two-year suspension of Attorney Mueller's license to practice law is appropriate discipline for his misconduct.

Attorney Mueller was licensed to practice law in Wisconsin in 1953 and practices in Milwaukee. He has not previously been the subject of a disciplinary proceeding.

---

† Motion for reconsideration pending. This motion was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

The referee is the Honorable John A. Fiorenza, reserve judge.

On the basis of testimony presented during several days of hearing, the referee found that Attorney Mueller neglected seven estates in which he acted as attorney. In addition to his failure to timely close each of those estates, Attorney Mueller failed to timely file an inventory and fiduciary tax returns and failed to cooperate with a successor co-personal representative in one of them, failed to timely file and pay inheritance tax in another, resulting in late charges of approximately $2,000 being assessed against the estate, and in another estate failed to respond to an inquiry from the register in probate advising him to close the estate and failed to procure social security benefits to which the estate was entitled.

In another of the estates, Attorney Mueller failed to comply with a court order to file an inventory and final account. He failed to respond to written inquiries of heirs and legatees regarding the status of the probate of another estate, failed to resolve a matter concerning an income tax audit, as he had been retained to do prior to his client's death, and failed to file income and inheritance tax returns in the estate. The court removed him as attorney for that estate.

The referee concluded that Attorney Mueller's conduct in these estates constituted neglect of legal matters, in violation of SCR 20.32(3).

In one of the estates, the heirs made repeated requests that Attorney Mueller account in writing for funds in a trust which had been established for the benefit of one of them. Attorney Mueller did not furnish the heirs an accounting and did not submit his records concerning the trust funds to the Board, as he had been requested to do. The referee concluded that Attorney Mueller failed to maintain complete records of all funds of a client coming into his possession and render appropriate accounts to the client regarding them, in violation of SCR 20.50(2)(c).

The referee also found that Attorney Mueller failed to file a final divorce judgment on behalf of a client, with the result that the client had to file the judgment herself, and did not file the judgment in another divorce matter until two years after the divorce had been granted. In an adoption matter, he failed to timely file the order for adoption. The referee concluded that Attorney Mueller neglected these legal matters, in violation of SCR 20.32 (3).

The referee further found that Attorney Mueller failed to respond adequately and timely to inquiries from the Board concerning grievances with respect to six of the estates, the two divorce matters and the adoption matter. The referee concluded that Attorney Mueller thereby violated SCR 22.07 (2).

We accept the referee's findings of fact and conclusions of law, and we agree that a two-year suspension of Attorney Mueller's license to practice law is appropriate discipline. We also accept the referee's recommendation that Attorney Mueller be required to pay the costs of this disciplinary proceeding. Further, we determine that, as a condition of the reinstatement of his license, Attorney Mueller make restitution to those clients who suffered financial loss as a result of his unprofessional conduct in these matters.

IT IS ORDERED that the license of Donald H. Mueller to practice law in Wisconsin is suspended for two years, commencing January 1, 1986.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Donald H. Mueller pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Mueller of his inability to pay the costs within the time specified, the license of

Attorney Donald H. Mueller to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that, as a condition of reinstatement of his license to practice law, Attorney Donald H. Mueller make restitution to the clients who suffered financial loss as a result of his unprofessional conduct in these matters.

IT IS FURTHER ORDERED that Attorney Donald H. Mueller comply with the provisions of SCR 22.06 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.